WENTWORTH, Judge.
Appellant, the Ft. Walton Beach City Attorney, seeks review of an order whereby it was determined that appellee, the former police chief and head of the city Department of Safety, is entitled to have his dismissal from employment reviewed by a termination committee impaneled pursuant to the “grievance procedure” provisions of Ft. Walton Beach Municipal Ordinance 678.1. We conclude that the ordinance’s grievance procedures are not intended to apply to the police chief and head of the city Department of Safety, and we therefore reverse the order appealed.
Ft. Walton Beach Municipal Ordinance 678.1 provides, at § 15A-41, that:
This grievance procedure is established to provide employees a full opportunity to bring to the attention of management matters of disagreement arising out of the employment relationship.
The ordinance then establishes, at § 15-44, a four-step grievance process for the presentment of complaints:
Step 1: Oral presentation to the employee’s immediate supervisor.
Step 2: A meeting with the appropriate Department Head.
Step 3: Written presentation to the City Manager.
Step 4 (Available only to employees “who have been discharged for violation of city Standards of Conduct ... [and] only ... after the employee has pressed his grievance through the first three steps): Written presentation, and a possible hearing, before a Termination Committee.
As appellant contends, the ordinance does tend to distinguish between employees and management, and upper-echelon management level personnel such as appellee have no possible point of entry into the grievance process below step three.[1] Step four, including review by the Termination Committee, is expressly inapplicable unless “the employee has pressed his grievance through the first three steps.” Consideration of the entire ordinance, with particular attention to the provisions of § 15A-44, suggests that the grievance procedure is not intended to apply to management level personnel such as appellee.
Accordingly, the order appealed is reversed.
BOOTH and THOMPSON, JJ., concur.

. And step three is itself an essentially ineffec-five procedure for personnel such as appellee.